■ SHELDON COHEN et al., Respondents, v LAKE TREE VILLAGE HOMEOWNERS' ASSOCIATION, Appellant. [677 NYS2d 924]

—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: County Court properly granted that part of plaintiffs' motion for summary judgment vacating a lien filed by defendant against the condominium unit owned by Sheldon Cohen and Brenda Cohen (plaintiffs). Plaintiffs established as a matter of law that defendant failed to comply with its by-laws by failing to afford them a reasonable opportunity to appear and be heard before the fines were assessed and by failing to give them written notice by certified or registered mail of the alleged violations and seven days thereafter to cure the alleged violations. Defendant failed to come forward with evidentiary proof in admissible form showing that an issue of fact exists (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562).

We conclude, however, that defendant established as a matter of law that punitive damages are not recoverable. Defendant's alleged conduct cannot be characterized as " 'gross' ", " 'morally reprehensible,' " or of " ' "such wanton dishonesty as to imply a criminal indifference to civil obligations" ' ", nor have plaintiffs alleged a course of conduct aimed at the public generally (*New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 315-316, quoting *Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603, 614). Thus, we modify the order by granting in part defendant's cross motion for summary judgment and dismissing the punitive damages claim. (Appeal from Order of Erie County Court, Drury, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wisner, Balio and Fallon, JJ.